## Elijah Ingraham *versus* Robert Doggett *et al.*

The assessors of a town, &c., are not responsible to an inhabitant for any uninten· tional error committed by them in the assessment of a tax, but the party injured thereby must seek his remedy against the town, &c.

Trespass for taking a chaise and converting it to the defendants' use. Plea, the general issue, with a brief statement in which the defendants justify as assessors of the town of Seekonk.

At the trial, before *Morton* J., it appeared, that the defendants were legally chosen and qualified to act as assessors of Seekonk for the year 1824 ; that the town, in August 1824, regularly voted to raise by a tax the sum of 2609 dollars and 98 cents ; that the plaintiff was an inhabitant of and owned estate in the town ; that the defendants, in making a tax for the above sum, assessed upon the plaintiff 31 dollars ; and that the collector, to whom the tax bills were committed, seised and sold upon his warrant the plaintiff's chaise ; which was the trespass complained of..

The plaintiff was about to attempt to show the illegality of the tax, and of the proceedings of the defendants in assessing it, not however attributing to them any fraud ; but the judge being of opinion that the action was misconceived. and that by *St.* 1823, *c.* 138, § 5, the plaintiff's remedy was

---

[1] See Revised Stat. *c.* 59, § 27.

against the town, and not against the assessors, a nonsuit was Ingraham
ordered.  If this was a correct construction of the statute, $v.$
the nonsuit was to stand ; but if, notwithstanding the statute, Doggett.
the plaintiff could maintain this action, the nonsuit was to be
taken off and a further trial to be had.

*Bassett* and *A. Cushman*, for the plaintiffs, contended that     *Oct. 24th.*
the object of the statute was to relieve assessors from re-
sponsibility for illegal acts on the part of the town, but not to
protect them when acting illegally themselves.  They said,
that at the trial, the plaintiff intended to show that the sup-
posed valuation, by which the tax was assessed, was a nullity.

*Baylies* and *Cobb*, on the other side; cited *Stetson* v. *Kemp-
ton*, 13 Mass. R. 272, — *Libby* v. *Burnham*, 15 Mass. R.
144, — *Thayer* v. *Stearns*, 1 Pick. 482, and *Gridley* v.
*Clark*, 2 Pick. 403, as showing the mischief to be remedied,
namely, the unreasonable responsibility formerly imposed upon
assessors in cases of trifling, unintentional errors.

*Morton* J. delivered the opinion of the Court.  The ques-     *April term*
tion for our consideration is, whether assessors are liable in     *1828, in*
trespass for an irregularity or unintentional error, in the dis-     *Bristol*
charge of their official duties.

By *St.* 1823, *c.* 138, § 5, it is enacted, that assessors shall
not be responsible for the assessment of any tax upon the
inhabitants of any city, town, district, parish or religious so-
ciety of which they are assessors, when thereto required by
the constituted authorities thereof, but the liability, if any,
shall rest solely with said city, &c., and the assessors shall be
responsible only for their own fidelity and integrity.

This statute was obviously made for the purpose of light-
ening the burdens of an office, to which belong important and
difficult duties, and which the citizen, when elected thereto,
may not accept or decline at his option.  Does its protec-
tion extend to the accidental mistakes of assessors, or are
they still liable, in trespass, for every legal error, however
innocently made ?

It is contended by the plaintiff's counsel, that the provision
only relieves assessors from their liability for assessing a sum
of money unlawfully raised ; as where a town proceeds ille
gally in making a grant, or makes one which by law it has no

Ingraham
v.
Doggett.
authority to make. But we think this construction too nar-
row. It will frustrate many of the beneficent purposes of
the act. Doubtless the first object of the legislature was to
protect assessors in executing the requirements of their towns
and parishes, of the validity of which they were not to judge.
But the language of the statute is not satisfied by this limited
construction. Towns, parishes, &c., are made liable for all
illegal taxes assessed and collected by their order ; and the
proper remedy for any person injured by the collection of an
unlawful tax, is an action for money had and received against
the corporation. *Sumner* v. *First Parish in Dorchester*, 4
Pick. 361, [2d edit. 365, n. 1.] This remedy, easy and
convenient to the person injured, reaches the party which, if
it did not directly cause the illegal act, has received the fruits
of it.

Assessors, while executing the duties required of them,
are exempted from all responsibility except for their own
integrity and fidelity. That accidental mistakes in the per-
formance of duties, the details of which are complicated and
difficult, are consistent with pure integrity and strict fidelity,
cannot be doubted. And we are clearly of opinion, that
assessors, in making assessments which they are required by
their towns, districts, parishes or religious societies to make,
are liable only for fraudulent and corrupt conduct ; and that
for their unintentional errors and mistakes, their towns, par-
ishes, &c., only are responsible.[1]

*Motion to take off nonsuit overruled.*

---

[1] See Revised Stat. *c.* 7, § 44; *Gage* v. *Currier*, 4 Pick. 399; *Mosher* v
*Robie*, 2 Fairfield, 135; *Withington* v. *Eveleth*, 7 Pick. 106; *Inglee* v. *Bos-*
*worth, post,* 498.